1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
6   ALLEN ANSARI

7

8              IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    SAN JOSE DIVISION
10

11  ALLEN ANSARI,                    Case No.

                                     CV11-06372
12                   Plaintiff,
                                     COMPLAINT
13       v.
                                     DEMAND FOR JURY TRIAL
14  PATENAUDE & FELIX, A
    PROFESSIONAL CORPORATION, a      15 United States Code § 1692 *et seq.*
15  California corporation; MICHAEL R. California Civil Code § 1788 *et seq.*
    BOULANGER, individually and in his
16  official capacity,

17                   Defendants.

18       Plaintiff, ALLEN ANSARI, based on information and belief and investigation of counsel,

19  except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on

20  personal knowledge), hereby makes the following allegations:

21

22                          **I. INTRODUCTION**

23       1.   This is an action for actual damages, statutory damages, attorney fees and costs

24  brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

25  15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

26  California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

27  engaging in abusive, deceptive and unfair practices.

28

2.   According to 15 U.S.C. § 1692:

a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and

---

[1]  Cal. Civil Code § 1788.1(a)(1).

1  supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory

2  relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3      5.    This action arises out of Defendants' violations of the Fair Debt Collection

4  Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

5

6                                    **III.  VENUE**

7      6.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

8  substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

9  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants

10  transact business in this judicial district and the violations of the FDCPA complained of occurred in this

11  judicial district.

12

13                          **IV.  INTRADISTRICT ASSIGNMENT**

14      7.    This lawsuit should be assigned to the San Jose Division of this Court because a

15  substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

16  County.

17

18                                   **V.  PARTIES**

19      8.    Plaintiff, ALLEN ANSARI (hereinafter "Plaintiff"), is a natural person residing in

20  Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3)

21  and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

22      9.    Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION,

23  (hereinafter "P&F"), is a California corporation engaged in the business of collecting debts in this state

24  with its principal place of business located at: 4545 Murphy Canyon Road, 3rd Floor, San Diego,

25  California  92123-4363.  P&F may be served as follows: Patenaude & Felix, APC, c/o Raymond

26  

27  Patenaude, Agent for Service, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California  92123-

28

4363.  The principal business of P&F is the collection of debts using the mails and telephone and P&F regularly attempts to collect debts alleged to be due another.  P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.    Defendant, MICHAEL R. BOULANGER (hereinafter "BOULANGER"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of P&F at all relevant times.  BOULANGER may be served at his current business address at:  Michael R. Boulanger, Patenaude & Felix, APC, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363.  The principal purpose of BOULANGER's business in the collection consumer debts due or alleged to be due another.   BOULANGER is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. BOULANGER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account (hereinafter "the alleged debt").  The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13.  Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise transferred to Equable Ascent Financial, LLC.

14.  Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15.  On or about February 18, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Equable Ascent Financial, LLC f/k/a Hilco Receivables, LLC v. Allen Ansari*, Case No. 111CV195133 (hereinafter the "*Equable v. Ansari* complaint"), which sought to collect $12,408.02 in damages.

16.  A true and accurate copy of the *Equable v. Ansari* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17.  The *Equable v. Ansari* complaint (Exhibit "1") falsely states that Plaintiff became indebted directly to Equable Ascent Financial, LLC.

18.  The *Equable v. Ansari* complaint (Exhibit "1") falsely states that:

Plaintiff (name): EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES, LLC, alleges that Defendant(s) (name): ALLEN ANSARI, became indebted to plaintiff within the last four years because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

19.  The *Equable v. Ansari* complaint (Exhibit "1") falsely states that:

Plaintiff (name): EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES, LLC, alleges that Defendant(s) (name): ALLEN ANSARI, became indebted to plaintiff within the last four years *other (specify)*:  this cause of action is based upon account number XXXXXXXXX294152 for the sum of which Defendant has been unjustly enriched by virtue of Defendant receiving the monetary or other benefit, by Defendant knowingly requesting the funds at issue and/or accepting the benefits bestowed.  It is inequitable for Defendant to retain said benefits without repaying Plaintiff the value thereof.

20.   At no time has there been a written agreement between Plaintiff and Equable Ascent Financial, LLC, nor has Plaintiff breached any written agreement with Equable Ascent Financial, LLC.

21.   The *Equable v. Ansari* complaint (Exhibit "1") falsely states that: "Plaintiff (name): EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES, LLC alleges that defendant (name): ALLEN ANSARI became indebted to plaintiff within the last four years because an account was stated in writing between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff."

22.   At no time was an account stated in writing between Equable Ascent Financial, LLC and Plaintiff, nor has Plaintiff ever agreed that he was indebted to Equable Ascent Financial, LLC.

23.   At no time did Plaintiff become directly indebted to Equable Ascent Financial, LLC, as alleged in the *Equable v. Ansari* complaint (Exhibit "1").

24.   Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Ansari* complaint (Exhibit "1") misrepresented the character, amount and legal status of the alleged debt.

25.   The *Equable v. Ansari* complaint (Exhibit "1") bears an electronic signature believed to be that of Defendant, BOULANGER.

26.   The *Equable v. Ansari* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by Defendant, BOULANGER.

27.   Plaintiff is informed and believes, and thereon alleges, that BOULANGER did not conduct a professional review of Plaintiff's account before drafting and filing the *Equable v. Ansari* complaint (Exhibit "1") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

28.   Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Ansari*

1   complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

2          29.   Plaintiff is informed and believes, and thereon alleges, that the *Equable v. Ansari*

3   complaint (Exhibit "1") misrepresented the true source or nature of the communication thereby making

4   false statements in an attempt to collect a debt.

5

6          30.   By drafting and filing the *Equable v. Ansari* complaint (Exhibit "1"), Defendants

7   attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken.

8          31.   After being served with the *Equable v. Ansari* complaint (Exhibit "1"), Plaintiff

9   retained legal counsel to defend him, thereby incurring actual damages in the form of attorney's fees

10  and costs.  See, *Venes v. Professional Service Bureau, Inc.*, 353 N.W.2d 671, 675 (Minn. Ct. App.

11  1984).

12

13         32.   As a result of Defendant's abusive debt collection practices, Plaintiff has incurred

14  actual damages in an amount to be determined at trial.

15         33.   Plaintiff is informed and believes, and thereon alleges, that Defendants have filed

16  and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California

17

18  in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend

19  this Complaint to add class allegations at a later date.

20                              **VII.  CLAIMS**

21                 **FAIR DEBT COLLECTION PRACTICES ACT**

22         34.   Plaintiff brings the first claim for relief against Defendants under the Fair Debt

23

24  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

25         35.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

26  herein.

27         36.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

28

1692a(3).

37.    Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

38.    Defendant, BOULANGER, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

39.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

40.    Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

a.    Defendants made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.    Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c.    Defendants falsely represented or implied that attorney BOULANGER had professionally reviewed Plaintiff's account when BOULANGER had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

d.    Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e.    Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10); and

f.    Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

41.    Defendants' acts as described above were done intentionally with the purpose of

coercing Plaintiff to pay the alleged debt.

42. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff brings the second claim for relief against Defendant, P&F, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

44. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

45. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

46. Defendant, P&F, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

47. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

48. Defendant, P&F, has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. P&F made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of Cal. Civil Code § 1788.17;[2]

    b. P&F misrepresented the character, amount or legal status of the alleged debt, in violation of Cal. Civil Code § 1788.17;[3]

    c. P&F falsely represented or implied that attorney BOULANGER had

---

[2] 15 U.S.C. §§ 1692e and 1692e(10).
[3] 15 U.S.C. § 1692e(2)(A).

professionally reviewed Plaintiff's account when BOULANGER had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[4]

   d. P&F falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[5]

   e. P&F misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[6] and

   f. P&F attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17.[7]

  49. Defendant, P&F's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

  50. As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

  51. As a result of P&F's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

  52. As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17.[8]

  53. As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

---

[4] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[5] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[6] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[7] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[8] 15 U.S.C.§ 1692k(a)(2)(A).
[9] 15 U.S.C.§ 1692k(a)(3).

54.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5) and 1692e(10);

c)  Declare that Defendant, P&F, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(i), 1788.16 and 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[10]

h)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[11] and 1788.30(c); and

i)  Award Plaintiff such other and further relief as may be just and proper.

---

[10]  15 U.S.C. § 1692k(a)(2)(A).
[11]  15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ALLEN ANSARI

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ALLEN ANSARI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

PLD-C-001(20)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

**LAW OFFICES OF PATENAUDE & FELIX A.P.C.** 2010122311:25 PATENAUDE & FELIX (858) 836-0318  Page 5 of 11

Raymond A. Patenaude, (#128855) / Michael R. Boulanger, (#226294)
Michael D. Kahn, (#236698) / Tara Natarajan (#263333) / Kevin S. Landrith, (#125739)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123
TELEPHONE NO.: (858) 244-7600        FAX NO. *(Optional):* (858) 836-0318
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* PLAINTIFF

FOR COURT USE ONLY

FILED   Santa Clara County
02/16/11   3:48pm
David H. Yamasaki
Chief Executive Officer
By: mrosales DTSCIV010097
R#201100020760
CK          $370.00
TL          $370.00
Case: 111-CV-195133

M. Rosales

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:
MAILING ADDRESS: 191 NO. FIRST STREET
CITY STATE AND ZIP CODE: SAN JOSE CA 95113
BRANCH NAME: SANTA CLARA CIVIL DIVISION

PLAINTIFF:  EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO
RECEIVABLES LLC

DEFENDANT(S):  ALLEN ANSARI,

☒ and DOES 1 through 15, inclusive

**CONTRACT**

☒ COMPLAINT        ☐ AMENDED COMPLAINT *(Number):*
☐ CROSS-COMPLAINT  ☐ AMENDED CROSS-COMPLAINT *(Number)*

**Jurisdiction** *(check all that apply):*
☒ **ACTION IS A LIMITED CIVIL CASE**
  Amount demanded  ☐ does not exceed $10,000
                   ☒ exceeds $10,000 but does not exceed $25,000
☐ **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)
☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint
    ☐ from limited to unlimited
    ☐ from unlimited to limited

CASE NUMBER:

111CV195133

1. **Plaintiff\*** (name or names): EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC

   alleges causes of action against **defendant(s)\*** *(name or names):* ALLEN ANSARI,

2. This pleading, including attachments and exhibits, consists of the following number of pages: 3

3. a.  Each plaintiff named above is a competent adult
   · ☒ except plaintiff *(name):* EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC
       (1) ☐ a corporation qualified to do business in California
       (2) ☐ an unincorporated entity *(describe):*
       (3) ☒ other *(specify):* Foreign Corporation
   b. ☐ Plaintiff *(name):*
       a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
       b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant(s) named above is a natural person
   ☐ except defendant *(name):*                        ☐ except defendant *(name):*
     (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
     (2) ☐ a corporation                                  (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*         (3) ☐ an unincorporated entity *(describe):*
     (4) ☐ a public entity *(describe):*                  (4) ☐ a public entity *(describe):*
     (5) ☐ other *(specify):*                             (5) ☐ other *(specify):*

Page 1 of 2

\*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.        Code of Civil Procedure, § 425.12

Form Approved for Optional Use
Judicial Council of California        **COMPLAINT—Contract**
PLD-C-001(20) [Rev. January 1, 2007]

EXHIBIT
1

CA_03 EFile Complaint Contract    **File By Fax**    P&F File No. 10-40860

| SHORT TITLE: EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC | CASE NUMBER: |
| vs. ALLEN ANSARI, | |

2139-122307354 2010122311:25 PATENAUDE & FELIX (858) 836-0318    Page 6 of 11

**4.** *(Continued)*

    b. The true names of defendant(s) sued as Does are unknown to plaintiff.

        (1) ☐ Doe defendant(s) *(specify Doe numbers):* _____ were the agents or employees of the named defendant(s) and acted within the scope of that agency or employment.

        (2) ☐ Doe defendant(s) *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

    c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. ☐ Defendant(s) who are joined under Code of Civil Procedure section 382 are *(names):*

**5.** ☐ Plaintiff is required to comply with a claims statute, **and**

    a. ☐ has complied with applicable claims statutes, *or*

    b. ☐ is excused from complying because *(specify):*

**6.** ☒ This action is subject to    ☒ Civil Code section 1812.10    ☐ Civil Code section 2984.4.

**7.** This court is the proper court because

    a. ☐ a defendant(s) entered into the contract here.

    b. ☐ a defendant(s) lived here when the contract was entered into.

    c. ☒ a defendant(s) lives here now.

    d. ☐ the contract was to be performed here.

    e. ☐ a defendant(s) is a corporation or unincorporated association and its principal place of business is here.

    f. ☐ real property that is the subject of this action is located here.

    g. ☐ other *(specify):*

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☐ Breach of Contract

    ☒ Common Counts

☐     Other *(specify):*

**9.** ☒ Other allegations: Before commencement of this action, in those cases where recovery of costs is dependent on such notices, Plaintiff informed the defendant(s) in writing it intended to file this action and that this action could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

**10.** Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. ☒ damages of: $12,408.02

    b. ☐ Interest on the damages

        (1) ☐ according to proof

        (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*

    c. ☐ attorney's fees

        (1) ☐ of:

        (2) ☐ according to proof.

    d. ☒ other *(specify):* For such other relief as the Court deems just and fair.

**11.** ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: December 21, 2010

MICHAEL BOULANGER, ESQ.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*    6 of 11

PLD-C-001(20) [Rev. January 1, 2007]    **COMPLAINT—Contract**    Page 2 of 2

PLD-C-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| EQUABLE ASCENT FINANCIAL, LLC 12/14/2010 12:50 2 (FAX)Y AB PAGE ALLDE LOFELAX (650)36-0318  ANSARI, | Page 7 of 11 |

FIRST _____   CAUSE OF ACTION—Common Counts
         (number)

ATTACHMENT TO   ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*:  EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC

alleges that Defendant(s) *(name)*: ALLEN  ANSARI,

became indebted to   ☒ plaintiff  ☐ other *(name)*:

a. ☒ within the last four years
    (1) ☐ on an open book account for money due.
    (2) ☒ because an account was stated in writing by and between plaintiff and defendant in which it was agreed that
         defendant was indebted to plaintiff.
b. ☒ within the last  ☐ two years  ☐ four years
    (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
    (2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant and
         for which defendant promised to pay plaintiff
         ☐ the sum of $
         ☐ the reasonable value.
    (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised
         to pay plaintiff
         ☐ the sum of $
         ☐ the reasonable value.
    (4) ☐ for money lent by plaintiff to defendant at defendant's request.
    (5) ☐ for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
    (6) ☒ *other (specify)*: This cause of action is based upon account number XXXXXXXXXX294152
         for the sum by which Defendant has been unjustly enriched by virtue of Defendant
         receiving monetary or other benefit, by Defendant knowingly requesting the funds at issue
         and/or accepting the benefits bestowed. It is inequitable for Defendant to retain said benefits
         without repaying Plaintiff the value thereof.

CC-2. $12,408.02, which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest  ☐ according to proof  ☐ at the rate of _____ percent per year
from *(date)*:

CC-3. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
    ☐ of $
    ☐ according to proof.

CC-4. ☒ Other:  For such other and further relief as the Court deems just and fair.

Page ____3____
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [January 1, 2009]                     CAUSE OF ACTION—Common Counts                     Code of Civil Procedures, § 425.12

7 of 11

CA_05 EFile Common Counts       **File By Fax**       P&F File No. 10-40860