**PATENAUDE & FELIX A.P.C.**
Raymond A. Patenaude, Esq. (128855)
Tara Natarajan, Esq. (263333)
4545 Murphy Canyon Road, 3rd Floor
San Diego, CA 92123-4363
T:(858) 244-7600
F:(858)836-0318

Attorneys for Defendants
PATENAUDE & FELIX APC and MICHAEL R. BOULANGER

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ALLEN ANSARI,

Plaintiff,

v.

PATENAUDE & FELIX APC and MICHAEL R. BOULANGER individually and in his official capacity,

Defendants.

Case No.: 5:11-cv-06372-HRL

**NOTICE OF DEFENDANT PATENADUE & FELIX'S MOTION TO STRIKE PLAINTIFF'S CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION ACT CLAIMS [C.C.P. §425.16]**

**Date:** **April 3, 2012**
**Time:** **10:00AM**
**Courtroom:** **2**

TO ALL PARTIES AND ATTORNEY OF RECORD:

YOU ARE HEREBY NOTIFIED that on April 3, 2012, at 10:00 AM, in Department 2 of this Court located at 201 South 1st Street, San Jose, CA 95113, Defendant Pateanaude & Felix, A.P.C and Michael Boulanger will and hereby do move this Court to strike each of those causes of action of the Plaintiff.

PLEASE TAKE FURTHER NOTICE that this motion is made and based upon the ground that the foregoing causes of action against the above-named Defendants arise from written and oral statements "made in connection with an issue under consideration or review by a legislative, executive, or judicial body" [C.C.P. Section 425.16 (e)(2)] and that Plaintiff Allen Ansari cannot show a

probability of success on any of the subject causes of action.

PLAESE TAKE FURTHER NOTICE this motion is based on this notice, the accompanying Memorandum of Points and Authorities, and Declaration of Michael R. Boulanger, filed concurrently herewith, the records on file in this action, and upon such other evidence and argument as may be presented at or before the hearing on this matter.

Dated: February 27, 2012

By ____________________________
Raymond A. Patenaude, Esq
Tara Natarajan, Esq.
Attorneys for Defendants

**PATENAUDE & FELIX A.P.C.**
Raymond A. Patenaude, Esq. (128855)
Tara Natarajan, Esq. (263333)
4545 Murphy Canyon Road, 3rd Floor
San Diego, CA 92123-4363
T:(858) 244-7600
F:(858)836-0318

Attorneys for Defendants
PATENAUDE & FELIX APC and MICHAEL R. BOULANGER

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ALLEN ANSARI,

Plaintiff,

v.

PATENAUDE & FELIX APC and MICHAEL R. BOULANGER individually and in his official capacity,

Defendants.

Case No.: 5:11-cv-06372-HRL

**DEFENDANT PATENAUDE & FELIX'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION ACT CLAIMS [C.C.P. § 425.16]**

**Date:** **April 3, 2012**
**Time:** **10:00AM**
**Courtroom:** **2**

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES ...2

Federal Statutes ...2

California Statues ...2

Case Authority ...2

Other Legal Authority ...2

INTRODUCTION ...5

RELEVANT FACTS ...5

LEGAL ANALYSIS ...6

A. California's Anti-SLAPP Statues Protects the Fundamental Constitutional Right to Petition the Court and is to Be Constructed Broadly ...6

B. Application of Section 425.15 Requires a Two-Prong Analysis ...10

1. Plaintiff Cannot Meet His Burden of Demonstrating, Through Admissible Evidence, That There is a Probability He Will Prevail on His Claims ...10

2. All of Plaintiff's Claims Are Barred by the Litigation Privilege under Civil Code Section 47(b)(2) ...12

3. Section 47(b) Fails Only Where The Privilege Conflicts With Specifically Prohibited Claims Under The Rosenthal Act Rendering it Significantly Inoperable ...15

CONCLUSION ...16

**TABLE OF AUTHORITIES**

**Federal Statues**

15 U.S.C. 1692 ....................11

**California Statues**

California Code of Civil Procedure § 425.16 ....................5-10, 16

Rosenthal Fair Debt Collection Practices Act (RFDCPA). Civil Code § 1788 .................. 5, 9

California Civil Code § 47 ....................5, 8, 10,12-16

**Case Authority**

Averill v. Superior Court (1996)

42 Cal.App.4th 1170, 1176 ....................8

Britt's v. Superior Court (2006)

145 Cal.App.4th 1112, 1124 ....................8

Briggs v. Eden Council for Hope & Opportunity (1999)

19 Cal.4th 1106, 1119....................8-10

Brown v. Kennard (2001)

94 Cal.App.4th 40, 49-50 ....................5, 8

Chavez v. Mendoza (2001)

94 Cal.App.4th 1083, 1087 ....................9

Donohue v. Quick Collect, Inc., (9th Cir. 2010)

592 F.3d 1027 ....................11

Equilon Enterprises v. Consumer Cause (2002)

29 Cal.4th 53, 67. ....................5, 8

Hahn v. Triumph Partnerships LLC, (7th Cir.2009).

557 F.3d 755 ....................11

Kyle v. Carmon (1999)

71 Cal.App.4th 901, 907 ....................................................................................10

Komarova v. National Credit Acceptance, Inc., (2009)

175 Cal.App.4th 324 , 95 Cal.Rptr.3d 880 ....................................................15-16

Loomis v. Superior Court (1987)

195 Cal.App.3d 1026, 1030 ...........................................................................13

Ludwig v. Superior Court (1995)

37 Cal.App.4th 8, 17-18 ..................................................................................8

Merlet v. Rizzo (1998)

64 Cal.App.4th 53, 64, 75 ............................................................................5, 12

Miller v. Javitch, Block & Rathbone, (2009)

561 F.3d 588, 596, 6th Cir. ...............................................................................11

Nickoloff v. Wolpoff & Abramson, L.L.P., (2007)

511 F. Supp. 2d 1043, 1044 (C.D. Cal. 2007) .............................................13-14

Navellier v. Sletten (2002)

29 Cal.4th 82, 88. ............................................................................................ 9-10

Olszewski v. Scripps Health (2003)

30 Cal.4th 798, 830 ...........................................................................................12

O'Keefe v. Kompa (2000)

84 Cal.App.4th 130, 134 ..................................................................................5, 12

PG&E v. Bear Stearns & Co. (1990)

50 Cal.3d 1118, 1136 ...........................................................................................8

Ribas v. Clark (1985)

38 Cal.3d 355, 364-65 .......................................................................................13

Rubin v. Green (1993)

4 Cal.4th 1187, 1193-1194 ....................5, 13

Rusheen v. Cohen (2006)

37 Cal.4th 1048, 1055-1056 ....................7, 10, 12

Schechter v. Financial Indemnity Co. (2001)

89 Cal.App.4th 141, 150 .................... ..8

Silberg v. Anderson (1990)

50 Cal.3d 205, 216-220 .................... ..12-13

Simmons v. Allstate Ins. Co. (2001)

92 Cal.App.4th 1068, 1073 .................... ..10

Taylor v. Quall, et al., (2006)

458 F.Supp.2d 1065 (C.D. Cal (2006). ....................13-14

Walker v. Krousis (2001)

93 Cal.App.4th 1432, 1439 .................... 10

**Other Authority**

Paul for Council v. Hanyecz (2001)

85 Cal.App.4th 1356, 1364.................... 7

## I. INTRODUCTION

By this motion Defendant PATENAUDE & FELIX (PAF) requests this Court to specially strike Plaintiff's Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code §§ 1788, *et seq.* against Defendant P&F pursuant to the "anti-SLAPP" statute – California Code of Civil Procedure section 425.16. Plaintiff's Complaint alleges violations of the RFDCPA. The RFDCPA claims arise solely from PAF's utilization of the judicial process by filing a collection action against Plaintiff. Because the acts and allegations charged in the present action arise out of litigation related activity, the RFDCPA claims in the present lawsuit fall squarely within the purview of California Code of Civil Procedure section 425.16 and California Civil Code section 47. As such, the burden shifts to Plaintiff to demonstrate a probability of prevailing on his claims. (*Equilon Enterprises v. Consumer Cause* (2002) 29 Cal.4th 53, 67.)

Plaintiff cannot meet his burden under the "second prong" of section 425.16(b). First, Plaintiff cannot establish a probability of success on the RFDCPA claims. Second, each one of Plaintiff's RFDCPA claims are barred by the "litigation privilege" set forth in California Civil Code section 47(b). Collection efforts undertaken through litigation are privileged. (See, e.g., *Rubin v. Green* (1993) 4 Cal.4th 1187, 1195 [statutory claims, such as UCL, are barred by Civil Code § 47(b)]; *Brown v. Kennard* (2001) 94 Cal.App.4th 40, 49-50 [collection activity is privileged].; *O'Keefe v. Kompa* (2000) 84 Cal.App.4th 130, 134, [collection activity is privileged]; *Merlet v. Rizzo* (1998) 64 Cal.App.4th 53, 64, 75 [collection activity is privileged].)

As all of Plaintiff's claims are both factually and legally deficient, Plaintiff cannot meet his burden under the second prong of the anti-SLAPP statute as a matter of law. As such, the RFDCPA claims should be stricken.

## II. RELEVANT FACTS

Ansari incurred a debt to Creditor Washington Mutual Chase in the amount of approximately $12,408.02. Creditor assigned Plaintiff's account and related debt to Equable Ascent Financial, LLC F/K/A Hilco Receivables LLC (EAF). On or around March 13, 2010, in attempt to collect the debt owed, EAF placed this account with PAF, which employs Defendant Attorney Michael R. Boulanger, a licensed attorney in the state of California. (State Bar Printout, Exhibit A.) PAF sent Mr. Ansari a

letter to inform Mr. Ansari that EAF had retained PAF to assist EAF in recovery of Mr. Ansari's debt. The letter informed Mr. Ansari that EAF was the current creditor and that Washington Mutual Chase was the original creditor. (See March 23, 2010 PAF Letter, Exhibit B.) When Mr. Ansari would not resolve the account, PAF was forced to file a lawsuit on behalf of EAF against Ansari for the debt ("the underlying action") on or around February 18, 2010. The Complaint was signed by Mr. Boulanger. Ansari filed his Answer on or around June 27, 2011.

Nearly ten months later, in an apparent attempt to influence Defendant PAF's prosecution of the collection action, Mr. Ansari filed the instant federal complaint. Mr. Ansari alleges that PAF violated the RFDCPA because the collection complaint misrepresents that Mr. Ansari owes a debt and that the debt is based on an account stated, raising the inference that Mr. Ansari contracted directly with EAF rather than Washington Mutual Chase. Mr. Ansari also alleges that PAF misrepresented that Michael Boulanger was an attorney when he signed the collection complaint. (Ansari Complaint, Exhibit C, ¶ 48.)

## III. LEGAL ANALYSIS

### A. California's Anti-SLAPP Statute Protects the Fundamental Constitutional Right to Petition the Court and Is to Be Construed Broadly.

California Code of Civil Procedure section 425.16 applies to any cause of action arising from an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue.'" (Cal. Code Civ. Proc. § 425.16(b)(1), (e).) Such a claim "shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (*Id.* § 425.16(b)(1) (emphasis added).) In order to encourage participation in matters of public significance, section 425.16 "shall be construed broadly." (*Id.* § 425.16(a).) To combat SLAPP lawsuits, the California legislature has enacted section 425.16, which permits a special motion to strike, thereby "provid[ing] an efficient means of dispatching, early on in a lawsuit, a plaintiff's meritless claims, and thus encourages, to use the Legislature's words, 'continued participation in matters of public significance.'" (*Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1364.) "These are lawsuits that 'masquerade as ordinary lawsuits' but are brought to deter common citizens

from exercising their political or legal rights or to punish them for doing so.'" (*Batzel v. Smith* (9th Cir. 2003) 333 F.3d 1018, 1023-24.)

California Code of Civil Procedure section 425.16 was enacted to prevent lawsuits from being filed against parties arising from actions taken in furtherance of the parties' constitutional rights to petition courts to redress grievances against others. (Cal. Code Civ. Proc. § 425.16(a); *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055-1056.) And section 425.16 is applicable to state law claims raised in federal lawsuits. (*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC* (N.D.Cal.,2007) 634 F.Supp.2d 1009, 1016.)

California Code of Civil Procedure section 425.16 provides, in relevant part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

(Cal. Code Civ. Proc. § 425.16(b)(1.)

Section 425.16(e) defines protected activity for purposes of applying this statute as follows:

> As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:
>
> 1) any written or oral statement or writing made before a legislative, executive or judicial proceeding;
>
> 2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive or judicial body or any other official proceeding authorized by law;
>
> 3) any written or oral statement or writing made in a place open to the public or a public forum in connection with issue of public interest; or
>
> 4) any other conduct in furtherance of the exercise of the constitutional right of petition or constitutional right of free speech in connection with a public issue or an issue of public interest.

(Cal. Code Civ. Proc. § 425.16(e)(1)-(4) (emphasis added).)

The anti-SLAPP statute is to be interpreted broadly. (Cal. Code Civ. Proc. § 425.16(a); *Britt's v. Superior Court* (2006) 145 Cal.App.4th 1112, 1124; *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1119; see also *Schechter v. Financial Indemnity Co.* (2001) 89 Cal.App.4th 141, 150.) The policies and rationales underlying a broad interpretation of California Code of Civil Procedure section 425.16 share a common lineage and common public policy basis with those that underlie the litigation privilege set forth in California Civil Code section 47(b)(2), namely, supporting a parties' right to petition the courts. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 9 Cal.4th 53, 67; *Briggs, supra*, 19 Cal.4th at 1121.)

The legal protection conferred by California Code of Civil Procedure section 425.16 is even broader than the broad immunity conferred by California Civil Code section 47(b)(2). (*Briggs, supra*, 19 Cal.4th at 1119-1121.) For example, the protections of California Code of Civil Procedure section 425.16 extend even to persons who are not participants in litigation. (*Ludwig v. Superior Court* (1995) 37 Cal.App.4th 8, 17-18 (citing *PG&E v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1136).) Likewise, California Code of Civil Procedure section 425.16 is construed to protect even purely non-communicative conduct. (Compare *Ludwig, supra*, 37 Cal.App.4th at 18-20; *Brown, supra*, 94 Cal.App.4th at 45.)

The California Supreme Court in *Briggs, supra*, has made it clear that California Code of Civil Procedure section 425.16 was to be applied broadly to relate to all litigation-related conduct as the purpose of the anti-SLAPP statute has now been deemed to extend protection to both the constitutional right to freedom of speech, as well as the constitutional right to seek judicial redress. (*Briggs, supra*, 19 Cal.4th at 1119; *Averill v. Superior Court* (1996) 42 Cal.App.4th 1170, 1176.)

The California Supreme Court decision in *Briggs* is instructive. In *Briggs*, the California Supreme Court expressly held that the anti-SLAPP law protects parties to a lawsuit against whom, as here, claims have been made for so-called representational misconduct. (*Briggs, supra*, 19 Cal.4th at 1120-1123.) The Briggs were landowners who owned residential rental properties. The Eden Council for Hope and Opportunity ("ECHO"), while not lawyers, nonetheless counseled tenants with respect to disputes with landlords. The Briggs were involved in disputes with several different tenants, and ECHO assisted the tenants in filing both administrative and judicial actions against the Briggs, and in

so doing, allegedly injured the Briggs by "representational wrongdoing." (See *Briggs, supra*, 19 Cal.4th at 1109-1110.)

The *Briggs* Court found that each of the causes of action brought by the Briggs against ECHO arose from statements or writings that ECHO personnel had made "in official proceedings or in connection with issues under consideration or review by executive or judicial bodies or proceedings." (*Id.* at 1134.)

"It is well established that **filing a lawsuit is an exercise of a party's constitutional right of petition**." (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087 (emphasis added).) As noted by *Chavez, a cause of action arising from the manner in which a lawsuit is litigated*, may appropriately be subject to a § 425.16 motion to strike. (*Id.* at 1088 (emphasis added).) This analysis may be "'breathtakingly simple,' but the application of a statute to a particular set of facts need not be complex to be correct." (*Id.*) "A claim for relief filed in ... court indisputably is a 'statement or writing made before a ... judicial proceeding' [under] (§ 425.16, subd. (e)(1))." (*Navellier, supra*, 29 Cal.4th at 90.) Here, the gravamen of Plaintiff's RFDCPA claims are two-fold. First, Ansari asserts that PAF misrepresented that Ansari owed a debt to EAF (assignee of the debt), because PAF filed the underlying action against Ansari on judicial council form PLD-C-001(20) with a check mark on the box that stated, "because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff." Ansari contends that these allegations were false, deceptive and misleading representations and further misrepresented the character, amount or legal status of the alleged debt in violation of California Civil Code § 1788.17. (See Ansari Complaint, p.9.) Second, Ansari asserts that Attorney Boulanger did not review the complaint before it was filed and therefore Mr. Boulanger's signature on the collection complaint misrepresented he was an attorney. (See *id.*, p.10.) Mr. Ansari's claims arise from the filing of the underlying collection lawsuit, and, as such, are subject to the protection of the anti-SLAPP statute. (Cal. Code Civ. Proc. § 425.16(e).)

**B. Application of Section 425.16 Requires a Two-Prong Analysis.**

California Code of Civil Procedure section 425.16 contains a two-step process for determining whether an action shall be stricken as a SLAPP suit. (Cal. Code Civ. Proc. § 425.16; *Navellier v.*

*Sletten* (2002) 29 Cal.4th 82, 88.) In bringing a special motion to strike, the defendants' only burden is to establish that the plaintiff's cause of action arises from protected activity of the defendant. A defendant **need not then disprove or negate plaintiff's claims**. Instead, the *burden shifts to the plaintiff* who must demonstrate through admissible evidence that he has a probability of prevailing on his claim. (Cal. Code of Civ. Proc. § 425.16 (b)(2); *Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 907.) This is "[u]nlike demurrers or motions to strike, which are designed to eliminate sham or facially meritless allegations at the *pleading* stage; a SLAPP motion, like a summary judgment motion, *pierces* the pleadings and requires an evidentiary showing. ... [T]he test applied to a SLAPP motion is similar to that of a motion for summary judgment, nonsuit, or directed verdict." (*Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073 (emphasis in original).)

Second, if defendant meets its burden of demonstrating that the conduct giving rise to the plaintiff's complaint is protected activity, the court then determines whether plaintiff will prevail on his claims. (*Id.* at 88-89; *Briggs*, *supra*, 19 Cal.4th at 1123; *Rusheen*, *supra*, 34 Cal.4th at 1056.) In determining whether plaintiffs can prevail, plaintiffs must meet their burden to come forward with admissible evidence. If the plaintiffs do not present admissible evidence as to each cause of action, the cause of action must be stricken. (*Navellier*, *supra*, 29 Cal.4th at 89.)

**1. Plaintiff Cannot Meet His Burden of Demonstrating, Through Admissible Evidence, That There Is a Probability He Will Prevail on His Claims.**

Because Defendants have satisfied the first prong of the anti-SLAPP test, the burden now shifts to Plaintiff to demonstrate that his Complaint is both legally sufficient and supported by a sufficient *prima facie* showing of facts to sustain a favorable judgment. (See *Navellier*, *supra*, 29 Cal.4th at 88-89.) Here, Plaintiff cannot establish that any of his claims are viable. (*Walker v. Krousis* (2001) 93 Cal.App.4th 1432, 1439 [where asserted claims are barred by virtue of the § 47(b) privilege, plaintiff cannot meet its burden of showing a probability of prevailing under § 425.16].)

Mr. Ansari asserts that PAF made a material misrepresentation that EAF could sue him on an account stated theory. However, California courts recognize basic principles of assignment. An assignment is a transfer of all the interests and rights to the thing assigned, and the assignee thereafter

stands in the shoes of the assignor and may enforce the contract against the original obligor in his or her own name. The assignee is the real party in interest and sues in his or her own name. ( See *Reis v. Mardis* (1912) 18 C.A. 276, 280 122 P. 1091; see 4 *Cal. Proc.* (4th), *Pleading,* § 108 et seq.) An assignee for collection is legal owner of chose in action, and entitled to sue thereon. (See *Hammell v. Superior Court in and for Los Angeles County* (1932) 217 Cal. 5, 7 (citations omitted).) An assignment of a claim for collection vests such an interest in the assignee as entitles him to sue thereon in his own name. (See Kelly v. Hampton (App. 1913) 22 Cal.App. 68, 69.)

Here, the assignment of the debt from Washington Mutual Chase to EAF entitled EAF to stand in the original creditor's shoes. Thereby, allegations by Mr. Ansari that PAF made a misrepresentation that EAF could sue him on an account stated theory simply lack merit. EAF did and does have every right to pursue Mr. Ansari through litigation.

In any event, courts addressing unlawful collection activities under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e-1692f, have held that the misrepresentation must be material for the defendant to be liable under such claim. ( See *Donohue v. Quick Collect, Inc.* (9th Cir. 2010) 592 F.3d 1027, 1033-34; see also *Miller v. Javitch, Block & Rathbone* (6th Cir. 2009) 561 F.3d 588, 596 (concluding that a false but non-material statement is not actionable under § 1692e); *Hahn v. Triumph Partnerships LLC* (7th Cir. 2009) 557 F.3d 755, 757-58.)

Applying the standard of both *Donohoe* and *Hahn* to the case at hand, even if account stated inaccurately states the legal theory for EAF' suit against Mr. Ansari, allegations in the complaint to that effect are not material: Mr. Ansari was sent a letter on or around March 23, 2010, which clearly identified that the original creditor on the subject account was Washington Mutual Chase. Mr. Ansari knew or should have known that EAF was not the original creditor, but rather the assignee of the account, and he cannot now claim that EAF' representation as to standing to sue on an account stated is a material misrepresentation upon which he relied.

Mr. Ansari also claims that Mr. Boulanger made a misrepresentation when he signed the collection complaint as an attorney. Clearly, Mr. Boulanger is an attorney. (State Bar Printout,

Exhibit A.) Thus, there is no misrepresentation. And certainly, if Mr. Ansari has some misguided understanding of the legal work that Mr. Boulanger engaged in prior to signing the collection complaint, such misunderstanding is not material.

For all of these reasons, Plaintiff's RFDCPA claim should be dismissed.

**2. All of Plaintiff's Claims Are Barred by the Litigation Privilege under Civil Code Section 47(b)(2).**

All of Plaintiff's claims are **barred by the "litigation" privilege** set forth in California Civil Code section 47(b)(2). (*Rusheen*, *supra* 37 Cal.4th at 1061-1063; *Silberg v. Anderson* (1990) 50 Cal.3d 205, 216-220; *O'Keefe*, *supra*, 84 Cal.App.4th at 135; *Merlet*, *supra*, 64 Cal.App.4th at 61, 63-66.) California Civil Code section 47(b)(2), states that any "publication or broadcast" **made in the course of a "judicial proceeding"** is privileged. (See *O'Keefe*, *supra*, 84 Cal.App.4th at 133.) Under Civil Code section 47(b)(2), the privilege applies to any communication: "'1) made in judicial or quasi-judicial proceedings; 2) by litigants or other participants authorized by law; 3) to achieve the objects of the litigation; and 4) that have some connection or logical relation to the action.'" (*Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 830 (quoting *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212).)

Courts have recognized that the litigation privilege serves vital public policies:

> 'The principal purpose of [Civil Code] section [ **47**, subdivision (b) ] is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions.' Additionally, the privilege promotes effective judicial proceedings by encouraging ' "open channels of communication and the presentation of evidence" ' without the external threat of liability, and 'by encouraging attorneys to zealously protect their clients' interests.' 'Finally, in immunizing participants from liability for torts arising from communications made during judicial proceedings, the law places upon litigants the burden of exposing during trial the bias of witnesses and the falsity of evidence, thereby enhancing the finality of judgments and avoiding an unending roundelay of litigation, an evil far worse than an occasional unfair result.' [¶] To accomplish these objectives, the privilege is 'an "absolute" privilege, and it bars all tort causes of action except a claim of malicious prosecution.'

(*Flatley v. Mauro* (2006) 39 Cal.4th 299, 321-22 (citations omitted).)

The privilege applies when communications in a judicial proceeding are characterized under any variety of tort claims. (See *Silberg*, *supra*, 50 Cal.3d at 215 (citing cases).) As long as the **communication complained of was made to achieve the objects of the legal proceedings** and is not

"palpably irrelevant" to them, the allegations cannot support liability. (*Loomis v. Superior Court* (1987) 195 Cal.App.3d 1026, 1030.)

The California Supreme Court has held that the Civil Code section 47 privileges not only **bar liability** from common-law claims, such as intentional and negligent infliction of emotional distress, but statutory claims as well. (<u>See</u> *Ribas v. Clark* (1985) 38 Cal.3d 355, 364-65.) In *Rubin v. Green* (1993) 4 Cal.4th 1187, the Court rejected any contention that the section 47(b) privilege as a "general" statute must give way to the "specific" statutory cause of action found in the UCL. As the *Rubin* Court noted: "Confronted with an apparent conflict between these two statutes, we must harmonize them insofar as possible." (*Rubin*, *supra*, 4 Cal.4th at 1201.) *Rubin* concluded the section 47(b) privilege controlled even over more "specific" causes of action because section 47 is "general" in nature. (*Rubin*, *supra*, 4 Cal.4th at 1201; *Ribas*, *supra*, 38 Cal.3d at 364-365.)

Federal courts have long recognized that the litigation privilege can bar RFDCPA claims when they arise out of litigation activity and occur within the context of litigation. (<u>See</u> *Nickoloff v. Wolpoff & Abramson, L.L.P.* (C.D. Cal. 2007) 511 F. Supp. 2d 1043, 1044; *Taylor v. Quall* (C.D. Cal 2006) 458 F.Supp.2d 1065.) Specifically, in *Taylor,* Plaintiff lost his job and stopped making payments on his Citbank credit card account. He received several calls from individuals seeking payment on the account, but he maintained that he could not and would not pay. After a few months, these debt collection efforts ceased. Defendants subsequently acquired the debt owed by Plaintiff and initiated an action seeking damages for his failure to pay the account. Plaintiff alleges that the action was barred by the applicable statute of limitations and that Defendants lacked the capacity to maintain it. He also asserted that Defendants improperly sought attorney's fees and costs, and made multiple misrepresentations to Plaintiff until he ultimately settled the action. The *Taylor* Court found that there was no authority to support Plaintiff's contention that allegedly wrongful debt collection practices that occurred entirely in the context of litigation were exempted from the litigation privilege and held that California's litigation privilege barred state law claims, including those under RFDCPA, for allegedly

wrongful debt collection practices engaged in by defendants in the context of litigation. (*Taylor supra*,, 458 F.Supp.2d at 1067-69.)

In reaching its decision the *Taylor* Court explained:

> all of the allegedly wrongful debt collection practices engaged in by Defendants occurred in the context of litigation. According to the Complaint, all of Defendants' communications to Plaintiff occurred between the time that he was served with the summons and complaint and the time that he settled the action. Thus, all of the communications fall within the scope of the privilege because they were made in the context of a judicial proceeding by parties to that litigation. They were also made to achieve the objects of the litigation and were connected to the action because they involved the allegations and requests for relief in the complaint and representations made in order to induce settlement of the claims. Furthermore, application of the privilege in this case furthers its purpose of promoting free access to the courts, zealous advocacy, and the finality of judgments. In the absence of a claim for malicious prosecution, Plaintiff's remedy for the alleged abuses committed by Defendants was the exposure of those abuses in the earlier litigation.

(*Id.*)

Similarly, in *Nickoloff v. Wolpoff & Abramson, L.L.P.* (C.D. Cal. 2007) 511 F. Supp. 2d 1043, Plaintiff alleged that Defendants violated the RFDCPA by filing an arbitration claim on debt they had no legal right to collect. The Court found that the litigation privilege set forth in California Civil Code section 47 is applicable to any communication made during an arbitration proceeding. (*Id.* at 1044-46). In *Nickoloff*, because Plaintiff's allegation that Defendants submitted documents that did not adequately connect the chain of title to Defendant Centurion Capital attacks a communication made during an arbitration proceeding, the litigation privilege applies. (*Id.*)

Following the reasoning of these two courts, the litigation privilege would bar all RFDCPA claims in the present case. All of the allegations made against Defendant P&F occurred within the context of filing the collection complaint and are protected by the litigation privilege. Specifically, Defendants' actions involved nothing more than the filing of a lawsuit against Ansari.

**3. Section 47(b) Fails Only Where The Privilege Conflicts With Specifically Prohibited Claims Under The Rosenthal Act Rendering It Significantly Inoperable**

It is anticipated that Plaintiff will argue that the section 47(b) litigation privilege does not apply to the RFDCPA, citing to *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal.App.4th 324. In *Komarova*, Plaintiff alleged violations of the RFDCPA by a debt collection agency because the collection agency pursued enforcement of a judgment even though the agency knew that the debtor had not been properly served, and continued collection efforts against the plaintiff, who was confused with the debtor. The Court held that *these* activities were not protected by the section 47(b) privilege. (*Id.* at 337-43.) Importantly, the Komarova decision is limited to the specific collection activity and claims alleged in that case, leaving open the application of the litigation privilege to cases such as the instant case, involving only allegations in a collection complaint. (*Id.* at 339.) In *Cabral v. Martins* (2009) 177 Cal.App.4th 471, the California Court of Appeal restated and clarified the *Komarova* analysis as follows: the answer to the question of whether the litigation privilege applied was "to be determined by examining whether application of the section 47(b) privilege would vitiate the [statute at issue] to such an extent as to render the latter meaningless." (*Id.* at 488; (exceptions to section 47(b) privilege are found only when "based on irreconcilable conflicts between the privilege and other coequal state laws").)

Here, application of the litigation privilege in this case does not render the RFDCPA inoperable. Application of the litigation privilege to claims of misrepresentations based on allegations in pleadings does not render the RFDCPA prohibitions against misrepresentations inoperable because many, if not most, misrepresentations occur outside of pleadings in a court filing. Moreover, if the allegations are indeed material and false, Mr. Ansari is not without recourse. Mr. Ansari can address the sufficiency of the pleadings in the context of the collection lawsuit through a sanction motion (see Cal. Code Civ. Proc. § 128.7), or in a malicious prosecution action after Mr. Ansari has prevailed on the merits of the collection lawsuit. (See *G.R. v. Intelligator* (2010) 185 Cal.App.4th 606, 619 (using same analysis to determine that the litigation privilege was applicable when a party filed a credit report

without redacting personal identifiers in violation of California Rule of Court 1.20, which is more specific than section 47).) And as to the claim that Mr. Boulanger misrepresented himself as an attorney, even assuming that this RFDCPA claim was even possible with an acknowledged attorney, if Mr. Boulanger had signed the collection complaint and was not an attorney, he could be held accountable by the California State Bar. (See *id.*) Under these circumstances, which differ from the circumstances in *Komarova*, it would be proper to apply the litigation privilege, and grant Defendant PAF's Special Motion to Strike.

## IV. CONCLUSION

For the foregoing reasons, Defendant PAF respectfully requests this Court grant its Special Motion to Strike Plaintiff's RFDCPA claims pursuant to Code of Civil Procedure § 425.16. Plaintiff's RFDCPA claims arise from the filing of a Complaint, and are, indeed, included in the allegations of the Complaint. Moreover, Plaintiff cannot establish a probability of success regarding the RFDCPA claims. The Court should grant this Special Motion to Strike.

Dated: February 27, 2012

By ______________________________
Raymond A. Patenaude, Esq
Tara Natarajan, Esq.
Attorneys for Defendants

# EXHIBIT A

THE STATE BAR OF CALIFORNIA

Monday, February 27, 2012

# ATTORNEY SEARCH

## Michael Richard Boulanger - #226294

## Current Status: Active

This member is active and may practice law in California.

See below for more details.

## Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | |
|---|---|---|---|
| **Bar Number:** | 226294 | | |
| **Address:** | Patenaude & Felix, APC<br>4545 Murphy Canyon Rd<br>3rd FL<br>San Diego, CA 92123<br>Map it | **Phone Number:**<br>**Fax Number:**<br>**e-mail:** | (858) 244-7600<br>(858) 836-0318<br>michaelb@pandf.us |
| **County:** | San Diego | **Undergraduate School:** | Univ of Delaware; Newark DE |
| **District:** | District 4 | | |
| **Sections:** | None | **Law School:** | John Marshall Law School; Chicago IL |

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 8/26/2003 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

**Disciplinary and Related Actions**

Overview of the attorney discipline system.

This member has no public record of discipline.

**Administrative Actions**

This member has no public record of administrative actions.

Start New Search »

Contact Us | Site Map | Privacy Policy | Notices | Copyright | Accessibility | FAQ

© 2010 The State Bar of California

# EXHIBIT B

LAW OFFICES OF
# PATENAUDE & FELIX, A.P.C.
A PROFESSIONAL LAW CORPORATION

4545 MURPHY CANYON RD., 3RD FL
SAN DIEGO, CALIFORNIA 92123
TEL (858) 244-7600 (800) 832-7675
FAX (858) 836-0318

213 EAST MAIN STREET
CARNEGIE, PENNSYLVANIA 15106
TEL (412) 429-7675 (800) 832-7675
FAX (412) 429-7679

1771 EAST FLAMINGO RD., STE. 112A
LAS VEGAS, NEVADA 89119
TEL (702) 952-2032 (800) 867-3092
FAX (702) 992-6286

522 SW 5th AVENUE, STE. 723
PORTLAND, OREGON 97204
TEL (503) 208-2676 (800) 832-7675

4727 44th AVENUE, STE. 103
SEATTLE, WASHINGTON 98116
TEL (800) 832-7675 (206) 906-9694

March 23, 2010

396041/433135

ALLEN ANSARI
XXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXX

RE: Our Client: EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC (6012)
Original Creditor: Washington Mutual Chase Card
Account Number: XXXXXXXXXXXX4152
Our File Number: 10-40860
Balance Due: $12,408.02

Dear Allen Ansari:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed. If you wish to eliminate further collection action, please contact us at (800) 832-7675.

Unless you notify this office within THIRTY (30) days of receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within THIRTY (30) days of receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you, and mail you a copy of such verification or judgment. Futher, if you make a written request upon this office within THIRTY (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

**LAW OFFICE OF PATENAUDE & FELIX**

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP o www.ftc.gov.

# EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): FOR COURT USE ONLY

LAW OFFICES OF PATENAUDE & FELIX, A.P.C.
Raymond A. Patenaude, Esq. (#128855) / Michael R. Boulanger, Esq. (#226294)
Michael D. Kahn, Esq. (#236898) / Tara Natarajan, Esq. (#263333) / Kevin S. Landrith, Esq. (#125739)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123
TELEPHONE NO.: 858-244-7675 FAX NO.: (858) 836-0318
ATTORNEY FOR (Name): PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:
MAILING ADDRESS: 191 NO. FIRST STREET
CITY AND ZIP CODE: SAN JOSE CA 95113
BRANCH NAME: SANTA CLARA CIVIL DIVISION

CASE NAME: EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC vs. ALLEN ANSARI,

**CIVIL CASE COVER SHEET**
☐ **Unlimited** (Amount demanded exceeds $25,000)
☒ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:
JUDGE:
DEPT:

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☒ Rul 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial post-judgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☐ non-monetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: ONE
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 21, 2010

MICHAEL BOULANGER, ESQ.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collection Cases.** A "collection case' Under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as rule 3.740 collections case on this form means that it will be exempt form the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(If the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice— Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(non medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quite title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quite Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ—Administrative Mandamus
  - Writ—Mandamus on Limited Court Case Matter
  - Writ—Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
  - Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment ( Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

SUM-100

# SUMMONS
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT(S):**
***(AVISO AL DEMANDADO):***
ALLEN ANSARI

and DOES 1 through 15, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days, Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***AVISO!*** *Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la informacion a continuacion.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
SANTA CLARA CIVIL DIVISION
191 NO. FIRST STREET SAN JOSE CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, (#128855) / Michael R. Boulanger, (#226294)
Michael D. Kahn, (#236898) / Tara Natarajan,(#263333) / Kevin S. Landrith, (#125739)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123
Telephone No. (858) 244-7600

DATE: *(Fecha)* Clerk, by *(Secretario)* ____________________, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CA 02 EFile SUM-100 P&F File No. 10-40860

PLD-C-001(20)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, (#128855) / Michael R. Boulanger, (#226294)
Michael D. Kahn, (#236898) / Tara Natarajan,(#263333) / Kevin S. Landrith, (#125739)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123
TELEPHONE NO.: (858) 244-7600 FAX NO. (Optional): (858) 836-0318
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**

STREET ADDRESS:
MAILING ADDRESS: 191 NO. FIRST STREET
CITY STATE AND ZIP CODE: SAN JOSE CA 95113
BRANCH NAME: SANTA CLARA CIVIL DIVISION

PLAINTIFF: EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC

DEFENDANT(S): ALLEN ANSARI,

☒ and DOES 1 through 15, inclusive

**CONTRACT**

☒ **COMPLAINT** ☐ **AMENDED COMPLAINT *(Number):***
☐ **CROSS-COMPLAINT** ☐ **AMENDED CROSS-COMPLAINT *(Number)***

**Jurisdiction *(check all that apply):***
☒ **ACTION IS A LIMITED CIVIL CASE**
**Amount demanded** ☐ **does not exceed $10,000**
☒ **exceeds $10,000 but does not exceed $25,000**
☐ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint**
☐ **from limited to unlimited**
☐ **from unlimited to limited**

CASE NUMBER:

1. **Plaintiff*** (name or names): EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC

alleges causes of action against **defendant(s)*** *(name or names):* ALLEN ANSARI,

2. This pleading, including attachments and exhibits, consists of the following number of pages: 3
3. a. Each plaintiff named above is a competent adult
   ☒ **except** plaintiff *(name):* EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC
   (1) ☐ a corporation qualified to do business in California
   (2) ☐ an unincorporated entity *(describe):*
   (3) ☒ other *(specify):* Foreign Corporation
   b. ☐ Plaintiff *(name):*
   a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
   b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant(s) named above is a natural person
   ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*
   (4) ☐ a public entity *(describe):*
   (5) ☐ other *(specify):*

   ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*
   (4) ☐ a public entity *(describe):*
   (5) ☐ other *(specify):*



*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

4. *(Continued)*

b. The true names of defendant(s) sued as Does are unknown to plaintiff.

(1) ☐ Doe defendant(s) *(specify Doe numbers):* ______________ were the agents or employees of the named defendant(s) and acted within the scope of that agency or employment.

(2) ☐ Doe defendant(s) *(specify Doe numbers):* ______________ are persons whose capacities are unknown to plaintiff.

c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

d. ☐ Defendant(s) who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**

a. ☐ has complied with applicable claims statutes, *or*

b. ☐ is excused from complying because *(specify):*

6. ☒ This action is subject to ☒ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because

a. ☐ a defendant(s) entered into the contract here.

b. ☐ a defendant(s) lived here when the contract was entered into.

c. ☒ a defendant(s) lives here now.

d. ☐ the contract was to be performed here.

e. ☐ a defendant(s) is a corporation or unincorporated association and its principal place of business is here.

f. ☐ real property that is the subject of this action is located here.

g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

☐ Breach of Contract

☒ Common Counts

☐ Other *(specify):*

9. ☒ Other allegations: Before commencement of this action, in those cases where recovery of costs is dependent on such notices, Plaintiff informed the defendant(s) in writing it intended to file this action and that this action could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. ☒ damages of: $12,408.02

b. ☐ interest on the damages

(1) ☐ according to proof

(2) ☐ at the rate of *(specify):* ______ percent per year from *(date):*

c. ☐ attorney's fees

(1) ☐ of:

(2) ☐ according to proof.

d. ☒ other *(specify):* For such other relief as the Court deems just and fair.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: December 21, 2010

MICHAEL BOULANGER, ESQ.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

| SHORT TITLE: EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC vs. ALLEN ANSARI, | CASE NUMBER: |
|---|---|

FIRST (number) **CAUSE OF ACTION—Common Counts**

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC

alleges that Defendant(s) *(name)*: ALLEN ANSARI,

became indebted to ☒ plaintiff ☐ other *(name)*:

a. ☒ within the last four years
  (1) ☐ on an open book account for money due.
  (2) ☒ because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. ☒ within the last ☐ two years ☒ four years
  (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
  (2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
    ☐ the sum of $
    ☐ the reasonable value.
  (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
    ☐ the sum of $
    ☐ the reasonable value.
  (4) ☐ for money lent by plaintiff to defendant at defendant's request.
  (5) ☐ for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
  (6) ☒ *other (specify)*: This cause of action is based upon account number XXXXXXXXXX294152 for the sum by which Defendant has been unjustly enriched by virtue of Defendant receiving monetary or other benefit, by Defendant knowingly requesting the funds at issue and/or accepting the benefits bestowed. It is inequitable for Defendant to retain said benefits without repaying Plaintiff the value thereof.

CC-2. $12,408.02, which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest ☐ according to proof ☐ at the rate of _______ percent per year from *(date)*:

CC-3. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
  ☐ of $
  ☐ according to proof.

CC-4. ☒ Other: For such other and further relief as the Court deems just and fair.

**PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855)
Michael R. Boulanger, Esq. (#226294)
Michael D. Kahn, Esq. (#236898)
Tara Natarajan, Esq. (#263333)
Kevin S. Landrith, Esq. (#125739)
4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123
Tele: (858) 244-7600 Fax: (858) 836-0318

Attorneys for Plaintiff
EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF** SANTA CLARA, SANTA CLARA CIVIL DIVISION

EQUABLE ASCENT FINANCIAL, LLC F/K/A HILCO RECEIVABLES LLC

Plaintiff,

v.

ALLEN ANSARI, et al.,

Defendant(s).

Case No.

**DECLARATION RE: VENUE**

I, Michael Boulanger, do hereby declare:

1. That I am the attorney at law, duly licensed to practice before all Courts in the state of California.

2. I am an associate with the Law Offices of Patenaude & Felix, APC, counsel of record for Plaintiff herein.

3. I make this Declaration based on my personal knowledge, except for those items which are stated to be based on my information and belief. If called to testify I could, and would, competently testify to the matters contained herein, based upon my personal knowledge, except for that which is stated to be based on my information and belief, and with the respect to those items, I believe them to be true.

///



PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CA 92123
TELE: (858) 244-7600 FAX: (858) 836-0318

4. Based on the information in this office's file, this is the proper Judicial District because at least one Defendant resides in this Judicial District.

5. This Action is subject to California Civil Code section 1812.10.

6. This Action is not subject to California Civil Code section 2984.4 or California Code of Civil Procedure section 395(b).

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 21, 2010, San Diego, California.

MICHAEL BOULANGER, ESQ.

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CA 92123
TELE: (858) 244-7600 FAX: (858) 836-0318

**PATENAUDE & FELIX A.P.C.**
Raymond A. Patenaude, Esq. (128855)
Tara Natarajan, Esq. (263333)
4545 Murphy Canyon Road, 3rd Floor
San Diego, CA 92123-4363
T:(858) 244-7600
F:(858)836-0318

Attorneys for Defendants
PATENAUDE & FELIX APC and MICHAEL R. BOULANGER

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ALLEN ANSARI,

Plaintiff,

v.

PATENAUDE & FELIX APC and MICHAEL R. BOULANGER individually and in his official capacity,

Defendants.

Case No.: 5:11-cv-06372-HRL

**DECALRATION OF MICHAEL R. BOULANGER IN SUPPORT OF MOTION SPECIAL MOTION TO STRIKE PLAINTIFF'S CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION ACT CLAIMS [C.C.P. § 425.16]**

**Date:** **April 3, 2012**
**Time:** **10:00AM**
**Courtroom:** **2**

I , Michael R. Boulanger, declares as follows:

1. I am an attorney at law duly licensed to practice before all Courts in State of California and have been since August 2003. I am an associate with the Law Offices of Patenaude & Felix, A.P.C. (PAF). I make the following declaration in support of Defendant's Patenaude & Felix's Special Motion to Strike Plaintiff's California Rosenthal Fair Debt Collection Act Claims.

2. If called to testify as a witness thereon, I could and would competently testify as to all the matters set forth in this declaration based upon my personal knowledge, except as to those matters testified to upon information and belief, and as to those matters, I believe them to be true.

3. Attached to this Motion is Exhibit A is a true and correct copy of a print out of my membership of the California State Bar. All the information therein is accurate.

4. That on or about March 23, 2010 PAF sent to Mr. Ansari the Initial Demand Letter as required under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 (FDCPA); the Rosenthal Act, California Civil Code Section 1788, *et seq*; and California Code of Civil Procedure section 1033b. Attached to this motion as Exhibit B is a true and correct copy of the Initial Demand Letter. PAF has not received any return mail from Mr. Ansari's address.

5. That on or about February 18, 2011, PAF. filed suit on behalf of its client, Equable Ascent Financial, LLC. (EAF) against Allen Ansari. Prior to filing suit, I reviewed the Complaint and verified that the venue was proper based upon the information that the client had provided EAF and PAF, and electronically executed a declaration to that effect to be filed with the lawsuit as is required by California Law. Attached to this motion as Exhibit C is a true and correct copy of the Complaint entitled Equable Ascent financial LLC F/K/A Hilco Receivables LLC v. Allen Ansari, case No: 111CV195133 (Ansari Complaint) filed in the collection matter.

6. Without waiving attorney client privilege, I am informed and believe that Washington Mutual Chase assigned all rights to EAF.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 27th day of February 2012, in San Diego, California.

By ______________________
Michael R Boulanger